**Sam THOMAS, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 4–782A170.

Court of Appeals of Indiana, Fourth District.

Oct. 28, 1982.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

## MEMORANDUM DECISION

YOUNG, Presiding Judge.

After a trial by jury, defendant-appellant Sam Thomas was convicted of reckless homicide and sentenced to eight years. His conviction was affirmed on direct appeal. Subsequently he filed a petition for post-conviction relief which was denied. From the denial of that petition, Thomas appeals.

We reverse.

The sole issue presented for review is whether the trial judge committed fundamental error at the trial of the criminal charge in giving the following instruction defining burden of proof:

"By burden of proof is meant that, considering all of the evidence in the cause, the evidence tending to establish a given fact must outweight [sic] the evidence to the contrary. If, after considering all the evidence in the cause, you shall find that the evidence upon any question is evenly balanced, you should answer such question against the party who has the burden of proof on that issue, for in such a case there would be no preponderance in favor of such proposition."

The trial judge properly instructed the jury that the State had to prove guilt beyond a reasonable doubt and properly defined reasonable doubt. However, when he sought to explain to the jury how they should weigh the evidence, the trial judge gave a civil instruction which describes the mechanism for determining when a fact is proven by a preponderance. The instruction was totally inapplicable to a criminal trial. It was clearly erroneous. However, since Thomas did not object to the instruction at trial, we must determine whether the giving of the instruction constituted "fundamental error."

■ "The 'fundamental error' doctrine permits a reviewing court to consider the merits of an improperly raised error if the reviewing court finds that 'the record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial.'" *Winston v. State,* (1975) 165 Ind.App. 369, 373, 332 N.E.2d 229, 231. Cases in which fundamental error has been found have two principal characteristics. *Pedigo v. State,* (1980) Ind.App., 412 N.E.2d 132. "First, the proceedings below viewed as a whole were void of any indicia of fairness. Second, the errors were the result of mistake or misconduct by the trial judge in the exercise of his affirmative duties." *Id.* at 136.

■ The instruction misled the jury by telling them that the State's burden of proof was satisfied where a fact was proven by a preponderance of the evidence rather than beyond a reasonable doubt. The effect of the instruction was to change the standard of proof from beyond a reasonable doubt to preponderance of the evidence. Fundamental due process requires that a criminal charge be proven beyond a reasonable doubt. *In re Winship,* (1970) 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. The proceedings below therefore lacked any indicia of fairness. The error clearly resulted from a mistake by the trial judge in the exercise of an affirmative duty. *Cf. Lacy v. State,* (1982) Ind., 438 N.E.2d 968 (failure to instruct on elements of the offense is fundamental error). Since the error complained of is one that denied the defendant fundamental due process it is fundamental

error. *Johnson v. State,* (1979) Ind., 390 N.E.2d 1005, *cert. denied* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312.

The decision of the trial court is reversed and the case is remanded to the court with instructions to grant defendant's petition for post-conviction relief.

Reversed.

MILLER and CONOVER, JJ., concur.