435 So.2d 1177 (1983)
Stevie Joe SANDERS
v.
STATE of Mississippi.
No. 54320.
Supreme Court of Mississippi.
August 10, 1983.
*1178 Maynard, Fitzgerald & Bradley, Richard B. Lewis, Thomas H. Pearson, Clarksdale, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
The Circuit Court of Coahoma County, Mississippi, has developed a rather formal and generally laudable procedure for handling guilty pleas in criminal cases. Each defendant wishing to enter the plea must complete a form entitled "Confession of Guilt and Petition of Defendant for Court to Accept Plea". He must then file it with the clerk of the court. The form includes, among other things, a paragraph requiring that the accused confess his guilt to the crime to which he is pleading guilty.
*1179 Stevie Joe Sanders was indicted for the crime of robbery. On the afternoon of February 10, 1982, after consultation with his attorneys, Sanders decided to plead guilty. He completed the standard petition form which, as indicated above, contained an admission that he was guilty of the crime of robbery. Miss. Code Ann. § 97-3-73 (1972).
Later that same evening, Sanders changed his mind. He decided that he would not plead guilty but would claim his constitutional right to trial by jury. Notwithstanding, the petition is marked "Filed" on the date of February 11, 1982, and is signed by Sanders' attorney and by a deputy circuit clerk. Because of Sanders' change of heart, of course, the guilty plea was never accepted by the trial court.
On July 28, 1982, Sanders was put to trial before a circuit court jury. In the course of that trial, the state offered as evidence the confession portion of the guilty plea form. Via a pretrial motion to suppress as well as timely objection at trial, Sanders had urged that, because he had withdrawn the guilty plea, no part of the form should be admissible against him. The trial court, however, excised those portions of the form dealing with the plea of guilty but received into evidence the remaining portion of the form which amounted to a confession of guilt.
In due course, Sanders was found guilty of robbery. He was later sentenced to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections. On this appeal, he assigns numerous errors, only one of which  that relating to the admission of the "Confession of Guilt" portion of the guilty plea petition  we need discuss.
This case is controlled by Rule 3.03(6) of the Uniform Criminal Rules of Circuit Court Practice. That Rule provides in relevant part
Inadmissibility of withdrawn guilty plea. The fact that the defendant may have entered a plea of guilty to the offense charged, and later withdrew the plea, may not be used against him in a subsequent trial of the cause.
Engaging in a bit of judicial legerdemain, the trial judge held, first, that the guilty plea had never been formally tendered, and, second, in any event, that the only portion of it being received into evidence was the confession of guilt, not the plea of guilty. This reasoning is disingenuous at its best.[1] The context in which Sanders signed the form was his consideration, after consultation with his attorney, that he would enter a plea of guilty. He later changed his mind, which was certainly his prerogative, and decided not to plead. Nothing in our disposition of the issue tendered here turns on how we may characterize this change of mind  as a decision not to file the plea or, on the other hand, as a withdrawal of a guilty plea.
We hold that Rule 3.03(6) precludes use against a defendant at trial of a guilty plea not finally and lawfully accepted by the trial court. This includes a plea contemplated but never formally entered. It includes a plea offered but withdrawn. It includes a court prescribed form plea of guilty which incorporates a confession of guilt never finally approved by the trial court. Until final and lawful acceptance by the trial court, the plea is unconditionally subject to revocation or cancellation by defendant. And where revoked or canceled in any way, shape, form or fashion, Rule 3.03(6) precludes use against the defendant at trial.
*1180 We further hold that Rule 3.03(6) precludes use against the defendant at trial of statements made with and inextricably bound up with a plea offered but never finally accepted. This preclusion covers statements on a printed pre-prepared form such as that utilized here wherein the defendant is required to confess guilt.[2] It would include oral statements made by the defendant to the court in the course of interrogation as the court is considering a tendered plea  should the plea be rejected, withdrawn or for any reason vacated.
Under the facts and circumstances of this case, the entire form entitled "Confession of Guilt and Petition of Defendant for Court to Accept Plea" signed by Stevie Joe Sanders on February 10, 1982, constitutes a guilty plea with Rule 3.03(6). That form is not severable. No part of it was admissible against Sanders at trial. Timely objection having been made, we hold that the trial court erred in receiving the "confession of guilt" portion of the form into evidence. Accordingly, Sanders' sentence is vacated, his conviction is reversed, and this case is remanded for a new trial on all issues.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., WALKER, P.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] We emphasize that the Circuit Court's pre-printed form had to be completed by a defendant pleading guilty. It was not optional. In the confession of guilt portion of the form, the following language appears:

"I understand this confession of guilt may be admitted as evidence against me in any trial of this case."
Again, the defendant has no choice but to sign the form as a pre-condition to consideration of his plea being considered by the Court. We hold that this sentence in the form is inoperative against the defendant. It institutes an impermissible entailment of the defendant's guilty plea and his right to withdraw same prior to acceptance. In this setting the confession of guilt and plea of guilty are in the eyes of the law indistinguishable. The plea of guilty may be withdrawn at any time prior to final acceptance, and so may the forced confession of guilt.
[2] Nothing in this opinion should be taken to criticize the Circuit Court's plea procedure which asks the defendant to admit his or her guilt. It is proper and quite desirable that the Court inquire into the defendant's guilt before accepting a tendered plea. What we hold improper here is the trial court's refusal to allow withdrawal of the confession of guilt along with the plea.