**STATE of Missouri, Respondent,**

v.

**Louis DANNEMAN, Appellant.**

No. 49644.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 1986.

---

Louis Danneman, pro se.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant, Louis Danneman, appeals pro se his jury conviction of robbery in the first degree. § 569.020 RSMo.1978. He was sentenced to a term of ten (10) years imprisonment.

On appeal defendant raised the following four contentions of error in his pro se brief: (1) insufficient evidence to support the jury conviction; (2) defendant suffered substantial prejudice when the trial court allowed a withdrawn guilty plea to be used as evidence against him; (3) defendant was denied his constitutional right to represent himself; and (4) defendant was denied a jury instruction on intoxication.

■ The evidence supports a jury finding that the victim, a cab driver, answered a call to pick up a passenger in south St. Louis; that the defendant got in the cab, then placed a stranglehold on the victim and placed an object at his neck saying he had a gun, he wanted his money, and he had to kill him. The victim gave the defendant his money. The victim then escaped from the defendant who then fled in the cab. Later, the cab was found and the defendant apprehended. He was identified by the victim. Defendant had on his possession car keys which fit the stolen cab. Police also recovered from the defendant currency and change which he obtained from the victim. The defendant had alcohol on his breath. The defendant had an ice pick in his waistband. This evidence is sufficient to support a conviction of robbery in the first degree and defendant's first point is denied. *State v. Anderson,* 663 S.W.2d 412 (Mo.App.1983).

■ In defendant's second point, he contends that he suffered substantial prejudice when the trial court allowed a withdrawn guilty plea to be used as evidence against him in the trial. The background to this contention is as follows. Defendant pleaded guilty to the charge of robbery in the first degree before Judge Evelyn Baker. He believed he was to receive probation. When it became apparent that he was not to receive probation, he asked to withdraw his plea of guilty and later filed a written pro se motion consistent with his oral motion to withdraw the plea of not guilty. Judge Baker entered an order based on allegation in his written motion allowing the plea of guilty to be withdrawn, and a not guilty plea was entered on the record. In the order withdrawing the defendant's guilty plea, Judge Baker made no specific finding that the guilty plea had been entered involuntarily. In defendant's pro se motion to withdraw his guilty plea, he contended his trial counsel was ineffective and felt that, "I should plead guilty whether guilty or not," and counsel discouraged him from going to trial.

Defendant was essentially asserting that his plea of guilty was involuntary and that he should be allowed to withdraw it. We believe there was an implied finding of involuntariness in Judge Baker's order permitting defendant to withdraw his guilty plea. The case was then assigned to Judge William Nicholls for trial. During the trial, the prosecutor then sought to introduce the withdrawn guilty plea as evidence in the jury trial. Immediately before the presentation of the defendant's evidence, a hearing was held outside the presence of the jury on the admissibility of defendant's withdrawn plea of guilty. The state wanted to use the plea of guilty as impeachment if the defendant testified. At this hearing, the defendant stated his attorney had promised him ten years probation in exchange for his guilty plea and that was the reason he pleaded guilty. He admitted he told Judge Baker, on instructions from his attorney, that he had not received any promises and that his plea was voluntary. Defendant did not contend that the court or the state had made him any promises regarding the sentence.

Following the hearing, the trial judge determined that the defendant's guilty plea had been made voluntarily and informed

defendant that if he testified, the guilty plea could be admitted as impeachment by the state.

With the warning of the trial judge present, the defendant admitted on direct examination that he had pleaded guilty "on this charge here." The prosecution then cross-examined the defendant on his prior plea of guilty.

We hold it was prejudicial error to permit the state to use a withdrawn plea of guilty in the trial. This very point was decided by the United States Supreme Court in *Kercheval v. U.S.* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), which held that a withdrawn plea of guilty cannot be introduced at a subsequent trial. The court in *Kercheval* stated 47 S.Ct. at p. 583:

> The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it pro tanto.

The court in *Kercheval* quoting from *White v. State*, 51 Ga. 285, 286, 289 (1874), stated: "The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty."

The Court in *Kercheval* relied on numerous cases for its holding and interestingly cited the Missouri case of *State v. Meyers*, [99 Mo. 107], 12 S.W. 516 (1889), which held that a guilty plea by a defendant charged with murder, but refused by the court, cannot be given in evidence against the defendant at trial.

The Court in *Meyers* at p. 120, 12 S.W. 516 stated:

> By refusing to receive a plea and granting the defendant a trial, this of necessity meant a trial with the issues of fact to be determined by the jury and not to be determined by the previous plea of the defendant, which admitted all that the state desired to prove.

We see little distinction between a guilty plea ordered withdrawn and guilty plea refused by the court. In either event, the plea of guilty would be a nullity.

Our Supreme Court in *State v. Hoopes*, 534 S.W.2d 26 (Mo. banc 1976), followed the holding in *Kercheval* and cited *State v. Meyers* with approval. In *Hoopes*, the defendant, as a result of plea negotiations between his attorney and the prosecutor, signed a written commitment entitled Affidavit and Plea of Guilty wherein he pled guilty to the charge of robbery in the first degree. In return, the prosecutor had agreed to dismiss the companion murder charge. The prosecutor later refused to go through with the agreement and used the guilty plea against the defendant at the trial. The Court in *Hoopes* held the guilty plea to be a product of the prosecutor's promise and agreement, and as such, the plea became involuntary. When the prosecutor refused to perform his part of the bargain, the Court held that the guilty plea was not admissible at the trial for any purpose and reversed the conviction.

It is also noted that Rule 24.02(d)(5) also bars the use of a withdrawn plea of guilty. It states in part:

> Evidence of a plea of guilty, later withdrawn, or if an offer to plead guilty to the crime charged or of any other crime, or of statements made in connection with, and relevant to any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

We reject the state's argument that defendant waived any objection to the use of the plea of guilty when he testified to it on direct examination. This was only done after the judge ruled he was going to permit the state to use the guilty plea to impeach the defendant. The defendant had no choice but to bring it out on direct examination.

The use of the withdrawn plea of guilty, and statements made in connection with it, constitutes reversible error and requires the judgment to be reversed and the cause remanded for a new trial.

We discuss the defendant's other two contentions because of the likelihood of reoccurring on retrial.

■ First, defendant contends that the trial judge erred in not permitting him to represent himself during the trial. The trial judge acted properly in denying defendant's motion to proceed pro se and in denying his attorney's motion to withdraw. The record indicates that the defendant was incapable of adequately defending himself particularly in view of the seriousness of the charge. The court entered a compromise and afforded the defendant the opportunity to discuss trial strategy with his attorney before the trial and during recesses and provided defendant with a legal pad to pass notes to his attorney if he believed something should be asked of a particular witness. Defendant made no objections to this plan and later stated he believed his attorney was doing a good job on his behalf. In *State v. Burgin*, 539 S.W.2d 652, 652 (Mo.App.1976), the court stated, "whether a defendant who is represented by counsel may participate in his trial is a matter within the discretion of the trial court." This very point was adopted by this court in *State v. Johnson*, 586 S.W.2d 437, 443 (Mo.App.1979), and *State v. Crews*, 607 S.W.2d 729, 731 (Mo.App. 1980), and is the recognized rule of law in this state. We conclude the trial judge acted within his discretion by allowing defendant to assist in his own defense in the above manner. Defendant's point is without merit.

■ Next, defendant contends that it was plain error to refuse his tendered instruction on voluntary intoxication. The defendant failed to set forth his tendered instruction in his brief and it is thus not preserved for appellate review. *State v. Williams*, 674 S.W.2d 46, 48 (Mo.App. 1984).

■ However, if preserved the contention is without merit. Voluntary intoxication is not a defense to the charge of robbery in the first degree because the jury is not called upon to assess defendant's mental state as a condition in reaching a verdict. *State v. Duncan*, 648 S.W.2d 892 (Mo.App.1983). Moreover, the record does not show defendant was intoxicated at the time of the crime, only that he had been drinking. We conclude that defendant's fourth point is without merit.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial.

REINHARD and CRIST, JJ., concur.