**Marvin Glen TYREE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

No. 27A02–8606–CR–00220.

Court of Appeals of Indiana, Second District.

Feb. 1, 1988.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Marvin Glen Tyree (Tyree) appeals a jury conviction of burglary, a class B felony, and theft, a class D felony.

We reverse.

Tyree originally entered into a plea agreement whereby he agreed to enter a plea of guilty to the charge of burglary in exchange for the State's recommendation of an eight-year sentence and dismissal of the theft charge. At the guilty plea hearing, the following exchange took place between the court and Tyree.

"Q. Tell me what you did to make you guilty.

A. I was there when—when it happened.

Q. You were there when it happened. What does that mean?

A. Guilty.

Q. Well, tell me what went on, Glen.

A. Drove up to the house and parked down the street. Took the window out. And went in.

Q. Did you go in?

A. Yes.

Q. What'd you go in for? What was your intent when you went in?

A. Intent to robbery I guess.

Q. Did you actually take anything?

A. Yes, sir.

Q. What'd you take?

A. A T.V. set and a kerosene heater.

Q. Okay." Record at 225, 226.

The court accepted Tyree's plea. Before being sentenced, Tyree moved to withdraw his guilty plea, alleging that it was unknowingly and involuntarily entered. Tyree claimed that he had entered the plea only at the insistence of his attorney and that he was innocent of the charged offenses. The trial court permitted Tyree to withdraw the plea. At the subsequent trial, the trial court allowed the State to impeach Tyree's testimony with the statements forming the

factual basis for the plea made at the guilty plea hearing. The jury found Tyree guilty and he was sentenced to concurrent sentences of ten and two years.

Tyree first argues that the trial court erred by allowing the State to use his testimony at the guilty plea hearing for impeachment purposes. Tyree contends that the use of testimony given in connection with a subsequently withdrawn guilty plea is a violation of I.C. 35–35–1–4(d) (Burns Code Ed.Repl.1985), which provides as follows:

"A plea of guilty, or guilty but mentally ill at the time of the crime, which is not accepted by the court or is withdrawn shall not be admissible as evidence in any criminal, civil, or administrative proceeding."

The State argues that the prosecutor did not present evidence of the guilty plea. The State points out that while statements made by Tyree at the guilty plea hearing were offered into evidence, the prosecutor took care not to mention the fact that Tyree had previously pled guilty.

In order to resolve this issue, we are required to determine whether statements providing a factual basis for a guilty plea constitute a part of the guilty plea. In short, we must define "plea of guilty" for the purposes of I.C. 35–35–1–4(d). Our Supreme Court has held that "[a] guilty plea is a conviction; nothing remains but to give judgment and determine punishment." *McKrill v. State* (1983) Ind., 452 N.E.2d 946, 949. A conviction requires proof that the defendant committed the elements of the charged offense. *Phillips v. State* (1973) 260 Ind. 321, 295 N.E.2d 592. Similarly, a guilty plea requires the establishment of a factual basis supporting the plea. I.C. 35–35–1–3(b) (Burns Code Ed.Repl. 1985). There can be no conviction without proof and there can be no guilty plea without a factual basis. Accordingly, the establishment of a factual basis is inseparable from the actual entry of the plea of guilty. Because of this fact, the statements made by the defendant at the guilty plea hearing establishing the factual basis

for the plea are no more admissible than the fact that the defendant pled guilty.

Our holding is buttressed by substantial authority from other jurisdictions which have considered the issue and from legal scholars. In *People v. George* (1976) 69 Mich.App. 403, 245 N.W.2d 65, the Court of Appeals of Michigan addressed an argument similar to that proffered by the State in this case.

"We view the prosecutor's distinction as one without any real significance. Admittedly, introducing only the factual statement of the defendant into evidence infringes the defendant's right to have his guilty plea vacated less than introducing the fact of the prior plea itself. But as the Minnesota Supreme Court has noted, 'it can be said that no one familiar with courtrooms could believe that the jury did not understand that a plea of guilty had been entered.' *State v. Hook*, 174 Minn. 590, 592, 219 N.W. 926, 927 (1928). We hasten to add that we do not think that jurors today are so naive as to think that a criminal defendant walks into a courtroom and answers questions by a judge with a court reporter present without pleading guilty.

Furthermore, when a guilty plea is vacated it is a nullity. *People v. Street, supra*, 288 Mich. [406] at 408, 284 N.W. 926 [(1939)]; *Kercheval v. United States, supra*, 274 U.S. [220] at 224, 47 S.Ct. 582 [at 583, 71 L.Ed. 1009 (1927)]. That means that everything that transpired pursuant to the guilty plea is a nullity. We find it impossible to separate the plea taking into valid and invalid parts." 245 N.W.2d at 67.

In *Sanders v. State* (1983) Miss., 435 So.2d 1177, the Supreme Court of Mississippi dealt with a situation in which a portion of a form entitled "Confession of Guilt" entered in connection with a subsequently withdrawn guilty plea had been offered into evidence at the defendant's trial. The Mississippi rule governing the admissibility of withdrawn guilty pleas was virtually identical to the Indiana statute. The Mississippi court held that the rule precluded "statements made with and inex-

tricably bound up with a plea offered but never finally accepted." *Id.* at 1180. The court noted that the confession of guilt form, like the factual basis in Indiana, was required before a guilty plea could be accepted by the trial court. "In this setting the confession of guilt and plea of guilty are in the eyes of the law indistinguishable." *Id.* at 1179, n. 1.

In *State v. Danneman* (1986) Mo.App., 708 S.W.2d 741, the Missouri Court of Appeals considered a case with facts substantially similar to those present in this case. The court held that "[t]he use of the withdrawn plea of guilty, *and statements made in connection with it,* constitutes reversible error...." *Id.* at 743 (emphasis supplied). Like the Mississippi rule in *Sanders, supra,* the Missouri rule regarding the use of withdrawal of guilty pleas was virtually identical to I.C. 35–35–1–4(d).

Additionally, I.C. 35–35–1–4(d) was adopted from the American Bar Association's Minimum Standards on Pleas of Guilty. *Ind. Code of Crim. Proc.* § 35–4.1–1–6, Criminal Law Study Commission Comments (Proposed Final Draft 1972 at 182). The A.B.A. standard has since been amended to read as follows:

"A plea of guilty or nolo contendere which is not accepted or has been withdrawn, and any statements made by the defendant in connection with entering such a plea of guilty or nolo contendere, should not be received against the defendant in any criminal or civil action or administrative proceedings, except that such statements may be admitted against a defendant in a criminal proceeding for perjury or false statement if the statements were made by the defendant under oath, on the record, and in the presence of counsel." *Standards Relating to Pleas of Guilty* § 14–2.2 (1980).[1]

The added phrase "any statement made by the defendant in connection with such a plea of guilty ..." is explained in the commentary to the standard: "To permit the use of such statements for impeachment (or, even worse, as substantive evidence) would be to undermine the allowance of withdrawal of the plea and would place the accused in a dilemma inconsistent with the decision to award the accused a new trial." *Id.* commentary at 62.[2] The changes in the A.B.A. standard should be regarded as clarifications rather than additions. The history of the standard points out that "[i]f the plea itself is not admissible, then the defendant's statements made while entering the plea should be excluded as well." *Id.* history of standard at 59. Such a result was clearly intended in the original standard from which the Indiana statute was adapted.

Yet another reason for prohibiting the use of such statements exists. It is based upon the defendant's privilege against self-incrimination. As Professors LaFave and Israel note in their hornbook on criminal procedure:

"[T]he compelling of such information from the defendant is justified by the fact that the plea constitutes a waiver of the privilege against self-incrimination as to the offense to which the plea was entered, a justification which no longer exists when the plea has been overturned. 'Since the existence of the plea allows such compulsion, the plea's withdrawal arguably results in the defendant having been compelled to incriminate himself and, therefore, the statements

---

**1.** The question whether I.C. 35–35–1–4(d) bars use of the defendant's statements made at the guilty plea hearing in a subsequent proceeding for perjury is not before us. We note, however, that the Supreme Court of Arkansas has held that a rule substantially similar to I.C. 35–35–1–4(d) does not apply to perjury proceedings.

"This provision is intended to protect an accused who has been permitted to withdraw a plea of guilty in accordance with A.R.Cr.P. 25 from having his guilty plea used against him as an admission against interest [sic] when he is tried on those same charges. It has no relevance to this case. As appellants tacitly concede, if their proposition were to prevail, there could be no perjury charges dependent on testimony at a guilty plea hearing. That was not the intent of Rule 410." *Brown v. State* (1986) 288 Ark. 517, 521, 707 S.W.2d 313, 315.

**2.** The Federal Rules of Criminal Procedure contain an identical proviso prohibiting the use of statements made by the defendant in a guilty plea hearing.

should be excluded.'" 2 LaFave & Israel, *Criminal Procedure* § 20.5, at 675 (1984).

We find the authorities cited above compelling. While there is some authority suggesting that statements made at the guilty plea hearing should be admissible for impeachment,[3] we are convinced that such use of the statements is inconsistent with the defendant's right to withdraw his guilty plea. The rationale supporting the inadmissibility of such statements is especially persuasive in cases in which, as here, the guilty plea has been withdrawn on the grounds that it was involuntarily entered. *See Mincey v. Arizona* (1978) 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290. Accordingly, we hold that when a defendant has withdrawn a plea of guilty, statements forming the factual basis for the plea made by the defendant at the guilty plea hearing are not admissible in a subsequent proceeding on the same charges. The trial court erred in allowing the State to use Tyree's testimony at the guilty plea hearing for impeachment purposes at trial.

Although we have concluded that the trial court erred, the State points to the fact that Tyree's objection at trial was not based upon the grounds he asserts on appeal. The State argues that Tyree cannot add to or change his grounds on appeal and that all grounds not specified at trial are waived, citing *Johnson v. State* (1985) Ind.,

472 N.E.2d 892, 910; *Sills v. State* (1984) Ind., 463 N.E.2d 228, 234; and *Vasquez v. State* (1983) Ind., 449 N.E.2d 284, 286.

We agree that normally Tyree's failure to specify the grounds of his objection at trial would result in a waiver of the error. However, if an error is deemed to be fundamental it may be considered on appeal even though not raised by a proper objection at trial. *McGill v. State* (1984) 4th Dist.Ind.App., 465 N.E.2d 211. An error in a criminal prosecution is fundamental error if it denies the defendant fundamental due process and is so prejudicial to the rights of the defendant that he could not have had a fair trial. *Crose v. State* (1985) 2d Dist.Ind.App., 482 N.E.2d 763.

There can be no doubt that the admission of testimony previously given by Tyree under oath that he had committed the various elements of the charged offense was extremely prejudicial to his defense. The statements used against Tyree were given at a guilty plea hearing pursuant to a plea agreement. In order for Tyree to reap the benefit of his bargain, it was necessary for him to plead guilty to the charge. The trial court would not accept the bargained plea unless Tyree admitted incriminating facts providing a factual basis for his plea. Thus, the statements made by Tyree at the guilty plea hearing

---

3. There is authority supporting the use of the defendant's statements made at the guilty plea hearing for impeachment purposes at trial. In *People v. Cole* (1978) 195 Colo. 483, 584 P.2d 71, the Supreme Court of Colorado held that such statements may be used for impeachment of the defendant's credibility provided that it first be shown that the statement was voluntary and trustworthy. The majority in *Cole* based its holding on its determination that "no defendant is entitled to pervert his right to testify into a right to commit perjury." 584 P.2d at 76. While we share the Colorado court's concern regarding the use of perjured testimony, we find the rationale employed by the dissent in *Cole* to be far more convincing:

"No matter what the real reason for a bargained guilty plea may be in any particular case, whether or not the trial court will accept that plea generally depends on its determination that the plea has a 'factual basis.' Crim. P. 11; section 16–7–207(2)(f), C.R.S.1973. Such a determination, in turn, requires the

defendant or his counsel to satisfy the court that the defendant's conduct giving rise to the more serious charges provides an adequate factual predicate to support a finding that he is guilty of the crime to which he wants to plead. Therefore, regardless of his reasons for negotiating a plea bargain, a defendant is placed in the inherently coercive situation of either providing the court with that factual basis or having the court refuse to accept his plea and force him to trial on the more grave charges. In such circumstances, a defendant may feel constrained to state what all in the courtroom expect of him, i.e., sufficient facts connecting him to the criminal incident to assure that his plea will be accepted. In my opinion, statements made under such compulsion, however subtle, cannot be viewed as 'voluntary,' and therefore their trustworthiness is unreliable at best. Hence, such statements should not be admissible at a subsequent trial for the offense originally charged." 584 P.2d at 77.

were extracted in exchange for the court's acceptance of his plea. To allow the State after the withdrawal of the guilty plea to retain in large part the benefit of its bargain, i.e., the incriminating statements, while denying the defendant his corresponding benefit is a procedure so fundamentally unfair as to constitute a denial of due process. *See People v. Cole* (1978) 195 Colo. 483, 584 P.2d 71, 77–78 (Carrigan, J. dissenting).

In addition to the unfairness involved, it is important to note that Tyree premised the withdrawal of his plea upon allegations that it was involuntarily entered. By permitting Tyree to withdraw the plea, the trial court implicitly found that the plea was entered involuntarily. *See State v. Danneman, supra,* 708 S.W.2d at 742 ("Defendant was essentially asserting that his plea of guilty was involuntary and that he should be allowed to withdraw it. We believe there was an implied finding of involuntariness in Judge Baker's order permitting defendant to withdraw his guilty plea."). Because the guilty plea was involuntary, the statements required for entry of the plea must also be deemed involuntary. The United States Supreme Court has held that any use against a defendant of his involuntary statements is a denial of due process. *Mincey v. Arizona, supra,* 437 U.S. at 398, 98 S.Ct. at 2416. Because of the denial of due process and extreme prejudice to Tyree resulting from the trial court's error in this case, we hold the error to be fundamental.

Because of our holding, we need not address the other issues raised by Tyree. The judgment of the trial court is reversed and the cause is remanded for a new trial.

BUCHANAN and MILLER, JJ., concur.