Martin WILLIAMS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 46A03–9205–PC–137.

Court of Appeals of Indiana,
Third District.

Oct. 26, 1992.

Transfer Denied Dec. 17, 1992.

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Martin Williams appeals the denial of his petition for post-conviction relief.

Four issues are raised on appeal:

(1) whether fundamental error occurred when the State used a pre-trial statement to impeach petitioner;

(2) whether an erroneous jury instruction was given on the State's burden of proof;

(3) whether Williams was sufficiently charged with the crime of robbery; and

(4) whether Williams was denied effective assistance of counsel.

The facts relevant to this appeal disclose that in October 1973 Williams was charged with robbery. At his arraignment on October 26, 1973, Williams pled guilty to the lesser included offense of theft. After a factual basis was established and Williams was advised of his rights, the trial court asked the prosecutor the terms of the plea bargain. The prosecutor responded that Williams was to give a statement later at the sheriff's office implicating others in the robbery. The trial court then accepted the plea.

Later the plea was withdrawn and Williams was tried on the charge and found guilty of robbery. During trial, the prosecutor used the statement which Williams had given at the sheriff's office to impeach Williams at trial.

A direct appeal was filed. Williams raised the issue of whether the trial court "erred in permitting the state to use a pretrial statement given by Williams to impeach Williams' testimony." The Court, in an unpublished opinion, affirmed Williams' conviction and found no error in the admission of this impeaching evidence.

Williams asks this Court to reconsider the issue of whether the trial court erred in allowing the State's use of Williams' pretrial statement at the sheriff's office to impeach Williams. Williams requests our reconsideration based upon *Tyree v. State* (1988), Ind.App., 518 N.E.2d 814, in which the Court held that a factual basis given during a guilty plea hearing may not be used to impeach a defendant later at trial. Williams first wants this Court to construe the ruling in *Tyree* to apply to his statement given at the sheriff's office as a part of the plea agreement. Then Williams wants this Court to apply the holding in *Tyree* retroactively to his case and overrule this Court's previous decision. This Court declines Williams' invitation.

■ At first, the court in *Rowley v. State* (1985), Ind., 483 N.E.2d 1078, held the controlling factor in determining whether a case should be applied retroactively is whether the challenged evidence "was a substantial part of the State's case and had likely impact upon the verdict." *Brown v. State* (1992), Ind.App., 587 N.E.2d 693, 698. Later the court emphasized this factor but in different language. "Retroactivity is applied when the new rule involves 'procedures ... without which the likelihood of an accurate conviction is seriously diminished.' *Daniels* [*v. State* (1990), Ind., 561 N.E.2d 487, 490,] *quoting Teague* [*v. Lane* (1989) 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334]." *Id.*

Without even having to reach whether the holding in *Tyree* affects the trial court's decision in this case, this Court finds that Williams does not meet the retroactivity rule. The impeaching evidence was not a substantial part of the State's case. It was not offered by the State as evidence of defendant's guilt or innocence, only to impeach. The State presented substantive evidence of Williams' guilt at trial. Two victims of the robbery positively identified Williams as one of the robbers. Therefore, even without the impeaching statement, there was sufficient evidence from which the jury could have found Williams guilty.

■ For Williams' second issue, he claims the trial court gave an erroneous instruction which misled the jury on the State's burden of proof:

"You are instructed that circumstances of suspicion no matter how grave or strong are not sufficient upon which to base a conviction. If after weighing the evidence there is in your minds a reasonable doubt as to guilt, or if your minds are evenly balanced on the subject of guilt or innocence, then your verdict should be not guilty."

This instruction was tendered by Williams. The trial court also gave instructions defining reasonable doubt and the State's burden to prove its case beyond a reasonable doubt.

Williams now claims that this instruction misled the jury and was similar to the instruction given in *Thomas v. State* (1982), Ind.App., 442 N.E.2d 700.[1] In *Thomas*, the jury was instructed:

" 'By burden of proof is meant that, considering all of the evidence in the cause, the evidence tending to establish a given fact must outweight [sic] the evidence to the contrary. If, after considering all the evidence in the cause, you shall find that the evidence upon any question is evenly balanced, you should answer such question against the party who has the burden of proof on that issue, for in such a case there would be no preponderance in favor of such proposition.' "

*Id.* at 701. The Court found the giving of this instruction to constitute fundamental error since the jury was instructed that it could find the defendant guilty by a preponderance of the evidence.

The jury in this case was not instructed that it could find the defendant guilty if a preponderance of evidence existed. The jury was instructed that if it could not find guilt beyond a reasonable doubt then it must return a verdict of not guilty. This standard was not diluted by the further instruction that if the jurors' minds were evenly balanced on the subject of guilt or innocence that they must return a verdict of not guilty. There is nothing in this instruction allowing the jury to return a verdict of guilty based upon a preponderance of the evidence. Furthermore, the trial court gave instructions on reasonable doubt and the State's burden of proof.

■ Next, Williams complains that he was not sufficiently charged with the crime of robbery. The charging information was titled "robbery." The body of the charging information alleged that defendant did:

"knowingly and feloniously obtain and exert unauthorized control over the property of Joe Hawkins, Hosea Lynch, Jackie Atwater, Linda Kelly, Connie Keeler, Cindy Walisa, and James Henley, to-wit: cash in the approximate sum of $700.00 by fear with intent to permanently deprive the owners of the use and benefit thereof...."

It appears that the charging information combined the statutory wording of the theft and robbery statutes. The robbery statute then in effect read: "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery...." IND.CODE § 35–13–4–6 (repealed, now IND.CODE § 35–42–5–1) Williams argues that the charging information should have included "takes from the person of another." Williams notes that the elements "obtain and exert unauthorized control" and "with intent to deprive the owners of the use and benefit thereof" are elements of theft. IND.CODE § 35–17–5–3 (repealed, now IND.CODE § 35–43–4–2).

Williams cites *Maynard v. State* (1987), Ind.App., 508 N.E.2d 1346, in which the Court held that an affidavit "must charge in direct and unmistakable terms the offense with which the defendant is accused" and "if there is a reasonable doubt as to what offense(s) are set forth in the affidavit, that doubt should be resolved in favor of the defendant...." *Id.* at 1351. He asserts that there is a reasonable doubt as to whether he was charged with robbery.

"The purpose of a charging information is to advise the defendant of the particular crime charged so that he can prepare a defense. Absence of detail in an infor-

---

1. Although the *Thomas* case was published at 442 N.E.2d 700, it was erroneously designated a memorandum decision. An order of publica-

tion was issued on November 24, 1982. Therefore, *Thomas* is not a memorandum decision.

mation is fatal only if the phraseology fails to state a charge, misleads the defendant or fails to give him notice of the charges against him. *McGee v. State* (1986), Ind., 495 N.E.2d 537, 538. Minor variances from the wording of a statute do not make a charging instrument defective. *Smith v. State* (1984), Ind., 465 N.E.2d 702, 704, *reh. denied* (1984)."

*Simmons v. State* (1987), Ind., 504 N.E.2d 575, 580.

It was not necessary for the charging information to contain the exact words of the robbery statute. The element of fear was contained within the information, and in fact, the information clearly designated robbery as the crime for which Williams was being charged. Furthermore, theft is a lesser included offense of robbery so there was no error in the inclusion of some of the statutory terms of theft. This Court cannot say that reasonable doubt exists as to whether Williams was being charged with robbery.

For Williams' last issue, he claims he was denied effective assistance of counsel. To reverse a conviction for ineffective assistance of counsel, a defendant must show (1) that his counsel's errors were unreasonable and (2) that these errors prejudiced his defense. The defendant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 378. "Isolated poor strategy, inexperience, or bad tactics do not necessarily constitute ineffective assistance of counsel." *Thornton v. State* (1991), Ind., 570 N.E.2d 35, 36. Furthermore, "[t]he effectiveness of appellate counsel's representation is determined on appeal using the same standards as applied to trial counsel." *Id.*

Williams raises the three issues discussed above as examples of ineffectiveness of counsel. However, since no error was found in the issues, this Court will not find ineffectiveness of counsel. Williams also claims that his counsel failed to object to the improper cross-examination of Duane Cook, the alibi witness. During cross-examination, it was revealed that Cook had a dishonorable discharge, was unemployed, was twenty six years old and was being supported by his mother. Cook had mentioned his dishonorable discharge as the reason he was unemployed and living with his mother. At the post-conviction hearing, Williams' trial counsel explained that Cook's answer "came out of the blue" and it "was better left unmolested." He further asserted that surprises from witnesses are better left untouched "unless they are far more serious than a dishonorable discharge." This Court will not second-guess trial counsel's strategy. *Garcia v. State* (1988), Ind., 517 N.E.2d 402, 404. Trial counsel's failure to object to the State's questioning of Cook's employment and place of residence does not amount to ineffective assistance of counsel.

Affirmed.

STATON, J., concurs with opinion.

SULLIVAN, J., dissents with opinion.

STATON, Judge, concurring.

I concur, subject to the following caveat. The denial of post conviction relief is appropriate because Williams failed to demonstrate that he is entitled to retroactive application of a new rule of law. Generally, a new rule of criminal procedure is not applicable to those cases on collateral review, i.e., those which have become final. *Daniels v. State* (1990), Ind., 561 N.E.2d 487, 488. Williams was required to show that the use of his pretrial statement for impeachment "seriously diminished the likelihood of an accurate conviction." *Id.* at 490.

Any communication related to plea negotiations is privileged and inadmissible in evidence unless a defendant afterward has entered a guilty plea which the defendant has not withdrawn. *Hensley v. State* (1991), Ind.App., 573 N.E.2d 913, 916. Moreover, this court has recently held that such communications may not be offered for impeachment or for consideration at sentencing. *Tyree v. State* (1988), Ind. App., 518 N.E.2d 814; *Hensley, supra.*

"At the subsequent trial, the trial court allowed the State to impeach Tyree's testimony with the statements forming the factual basis for the plea made at the guilty plea hearing.... The State argues that the prosecutor did not present evidence of the guilty plea.... [T]he statements made by the defendant at the guilty plea hearing establishing the factual basis for the plea are no more admissible than the fact that the defendant pled guilty."

*Tyree, supra,* at 815–16.

"Any communication related to plea negotiations is privileged and inadmissible in evidence unless a defendant afterward has entered a guilty plea which the defendant has not withdrawn. *Crandell v. State* (1986), Ind.App., 490 N.E.2d 377, 380, *trans. denied; Moulder v. State* (1972), 154 Ind.App. 248, 258–59, 289 N.E.2d 522, 528. *See also* I.C. § 35–35–3–4 (where the court did not approve a plea agreement, 'a verbal or written communication concerning [a] plea agreement, may not be admitted into evidence at the trial of the case ...'). A communication is considered to be privileged, and therefore inadmissible, if the communication's 'ultimate purpose [is] the reduction of punishment or other favorable treatment from the State to the defendant.' *Crandell,* 490 N.E.2d at 380.

\*　\*　\*　\*　\*　\*

Defendants understandably would be hesitant to enter plea negotiations if they feared that statements made during the negotiations could be used against them at sentencing. Therefore, we hold that a sentencing court may not consider statements, including 'clean-up' statements which involve uncharged crimes, which statements are made by a defendant during plea negotiations which did not result in a plea agreement accepted by the court."

*Hensley, supra,* at 916–17.

The "ultimate purpose" of Williams' statement to police was to obtain favorable treatment (i.e., the State's participation in a plea agreement providing for a plea of guilty to theft rather than robbery). The recent cases relied upon by Williams support his contention that the State may not use "clean-up" statements (made as a condition of plea bargaining) to impeach if the guilty plea is withdrawn. However, Williams failed to show that his statement (offered for impeachment) formed a substantial part of the State's case, casting doubt on the accuracy of his conviction and establishing an exception to the general rule of non-retroactivity.

SULLIVAN, Judge, dissenting.

The statement introduced in evidence to impeach Williams was clearly given to the police as an integral part of the guilty plea process. Its use for impeachment purposes at trial constituted clear and fundamental error. *Tyree v. State* (1988) 2d Dist. Ind.App., 518 N.E.2d 814. Such fundamental error may not be ignored under the rationale that *Tyree* should not receive retroactive application [1] (*see* opinion at 348), nor under the rationale utilized both by Judges Hoffman and Staton, that the impeaching evidence did not form "a substantial part of the State's case" (*see* opinion at 351 (Staton, J., concurring)).

Neither should we decline to reverse upon grounds that the decision of the Fourth District in its Memorandum Decision of August 30, 1976, *Williams v. State* (1976), No. 3–475 A 70 constitutes the "law of this case". The latter decision held that admission of the impeaching statement was not reversible error. I would follow our Supreme Court's decision in *State v. Lewis* (1989) Ind., 543 N.E.2d 1116, and hold that "law of the case", unlike res judicata, is "only a discretionary rule of practice". 543 N.E.2d at 1118. I believe the Fourth District decision to be in error and I would decline to give it binding "law of the case" effect.

Furthermore, presentation of the issue at this stage does not violate the principles of finality as set forth in various decisions

---

**1.** The *Tyree* decision did not enunciate a completely new principle of law in this state. Rather, it applied existing Indiana case law precedent in reaching the holding that statements by defendant establishing factual basis for a guilty plea are inadmissible.

treating the matter of repetitive post-conviction petitions. *See, e.g., Smith v. State* (1990) 2d Dist. Ind.App., 559 N.E.2d 338, *trans. denied.* Appellant's trial counsel also represented him upon the direct appeal and in the initial post-conviction relief proceeding. Accordingly, present counsel had no opportunity to present the issue until filing of the petition here reviewed.

This chronology and status of legal representation also leads to a conclusion that the present claim to ineffective assistance of counsel should be addressed and I find such claim to have merit. Trial counsel rendered ineffective assistance in that he himself tendered the instruction which invited the jury to convict if the evidence of guilt did not convince beyond a reasonable doubt. Furthermore, although a reasonable doubt instruction was given, the instruction here challenged told the jury that they might acquit if they had reasonable doubt *or* if their "minds are evenly balanced on the subject of guilt or innocence". Such instruction is clearly erroneous and its giving constituted fundamental error. *Thomas v. State* (1982) 4th Dist. Ind.App., 442 N.E.2d 700. In this respect, the conclusion of the post-conviction court that the instruction "was a proper statement of law" (Record at 90) is clearly erroneous and requires reversal upon two grounds: (1) fundamental error as appropriately presented by present counsel who raised it in the amended petition for post conviction relief; and (2) incompetent counsel at the trial, direct appeal and initial post-conviction stages.

I also disagree with the majority in holding that the crime of robbery was correctly charged. Although the phrase "by fear" does appear in the charge, it is buried in the recitation of the elements which constitute theft. An extremely careful reading of the charge is necessary to discern that robbery, rather than theft, forms the heart of the allegation. It is not sufficiently "direct and unmistakable" in its terms and reversal is warranted upon this basis as well as upon the "evenly balanced evidence" instruction. *Maynard v. State* (1987) 1st Dist. Ind.App., 508 N.E.2d 1346, *trans. denied.*

I would reverse and remand with instructions to grant post-conviction relief by setting aside the conviction and for further proceedings not inconsistent with this dissent.