**Phillip BEEKS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 35A04–9905–PC–236.**

Court of Appeals of Indiana.

Dec. 29, 1999.

Transfer Denied Feb. 22, 2000.

Susan K. Carpenter, Public Defender of Indiana, Randy A. Elliott, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

*STATEMENT OF THE CASE*

Phillip Beeks appeals the denial of his petition for post-conviction relief. We affirm.

*ISSUE*

Whether fundamental error occurred when the State used a statement in Beeks' withdrawn guilty plea agreement to impeach him at trial.

*FACTS*

In an unpublished memorandum decision, this court found the underlying facts as follows:

On the evening of September 17, 1982, four men were playing cards in Marty Catlin's trailer in Huntington, Indiana. Around midnight that evening, one of the players, Oliver Fields ("Fields"), answered a knock at the trailer door. He opened the door and saw Beeks, in possession of a knife, and Ronnie Cole, armed with a club. After a brief confrontation between Fields and Beeks, Fields attempted to close the door. During this attempt, Beeks severely cut Fields across the face; this laceration required nineteen (19) stitches.

*Beeks v. State*, 462 N.E.2d 1354, slip op. at 2 (Ind.Ct.App. May 2, 1984).

Beeks was subsequently charged with battery as a class C felony. In January 1983, Beeks entered into a written plea agreement wherein, as part of the factual basis for his guilty plea, Beeks stated that Fields was unarmed when Beeks stabbed him. One month later, Beeks filed a motion to withdraw his guilty plea which the trial court granted.

At trial, Beeks testified that Fields was armed during the altercation and that Beeks stabbed Fields with a piece of metal skirting from around Catlin's trailer to protect himself from Fields' attack with a pair of numchucks. The State impeached Beeks with his statement that Fields was unarmed when Beeks stabbed him. The jury convicted Beeks of battery as a class C felony.

Beeks subsequently filed a petition for post-conviction relief wherein he alleged that the trial court erred in permitting the State to impeach him with prior testimony which was part of his subsequently withdrawn guilty plea. The post-conviction court denied Beeks' petition after a hearing.

*DECISION*

At the hearing on his petition for post-conviction relief, Beeks had the burden of establishing the grounds for relief. *See* Ind. Post Conviction Rule 1(5); *Canaan v. State*, 683 N.E.2d 227, 228 (Ind. 1997), *cert. denied*, 524 U.S. 906, 118 S.Ct. 2064, 141 L.Ed.2d 141 (1998). Therefore, he is now appealing from a negative judgment. *Canaan* at 229. When an appeal is from a negative judgment, a court on review must be convinced that the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached by the trial court. *Id.* It is only where the evidence is without conflict and leads to but one conclusion, and the trial court reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.*

Beeks failed to object to the use of his statement at trial and on direct appeal. He therefore now argues that fundamental

error occurred when the State used his statement to impeach him at his 1983 trial. In support of his argument, he directs us to *Tyree v. State,* 518 N.E.2d 814, 818 (Ind.Ct.App.1988), wherein this court construed Ind.Code § 35–35–1–4(d) to bar impeachment use of statements which form the factual basis of a guilty plea. The State directs us to *Williams v. State,* 601 N.E.2d 347 (Ind.Ct.App.1992), *trans. denied,* wherein we addressed an identical issue.

In the *Williams* case, Williams was charged with robbery in 1973. He pleaded guilty to theft and gave a statement in conjunction therewith. He subsequently withdrew the plea and was tried on the robbery charge. At trial, the State used Williams' statement to impeach him.

In a post-conviction relief petition, Williams, like Beeks, cited *Tyree* for the proposition that a guilty plea statement may not be used for impeachment purposes at trial. Williams asked this court to apply the *Tyree* holding retroactively to his case. This court noted that in *Rowley v. State,* 483 N.E.2d 1078 (Ind.1985), our supreme court held that the controlling factor in determining whether a case should be applied retroactively is whether the challenged evidence "was a substantial part of the State's case and had likely impact upon the verdict." *Brown v. State,* 587 N.E.2d 693, 698 (Ind.Ct.App.1992).

We further noted that our supreme court later emphasized this factor but in different language. "Retroactivity is applied when the new rule involves 'procedures ... without which the likelihood of an accurate conviction is seriously diminished.' *Daniels* [*v. State,* Ind., 561 N.E.2d 487, 490] quoting *Teague* [*v. Lane* (1989) 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334]." *Id.*

Without even having to reach whether the holding in *Tyree* affected the trial court's decision in that case, we found that Williams had not met the retroactivity rule. Specifically, we found that the impeaching evidence was not a substantial part of the State's case. It was not offered by the State in its case in chief as evidence of Williams' guilt or innocence but only to impeach him. Further, the State presented substantive evidence of Williams' guilt at trial. Two victims of the robbery positively identified Williams as one of the robbers. Therefore, even without the impeaching statement, there was sufficient evidence from which the jury could have found Williams guilty.

Here, as in *Williams,* we find that Beeks does not meet the retroactivity rule. First, the impeaching evidence was not a substantial part of the State's case. As a matter of fact, Beeks' prior statement was not offered by the State in its case in chief as proof of Beeks' guilt or innocence. Rather, after Beeks took the stand to testify, the statement was used only to impeach him for having made a prior inconsistent statement concerning whether the victim was armed at the time of the incident.

Second, as in *Williams,* the State at trial presented substantive evidence of Beeks' guilt. Fields, the victim, testified unequivocally that Beeks stabbed him and that he was unarmed. Another witness, Mike Fairchild, testified that he was standing behind Fields when Fields answered the door and saw Beeks stab an unarmed Fields. Witness Marty Catlin saw Beeks standing near the front door holding something in his hand. When Beeks walked away, Catlin noticed that an unarmed Fields had been cut. Lastly, witness Terry Slusser saw Beeks stick his hand in the door opening as Fields was attempting to close it. Therefore, even without the impeaching statement, there was sufficient evidence from which the jury could have found Beeks guilty. We find no error.

*See Williams.*[1]

Affirmed.

GARRARD, J., and FRIEDLANDER, J., concur.

1. Beeks argues that *Williams* was wrongly decided and asks us not to follow it. We decline his request. Beeks also argues that he received ineffective assistance of counsel based upon the issue discussed above. However, because we found no reversible error in this issue, we will not find ineffective assistance of counsel. *See Williams.*