Charles CHASE, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8608–CR–751.

Supreme Court of Indiana.

Sept. 27, 1988.

James L. Kiely, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction, in a trial by jury, of the offenses of Dealing in a Schedule II Controlled Substance, a class B felony, and Conspiracy to Deal in a Schedule II Controlled Substance, a class B felony. Appellant received twenty year concurrent sentences for each offense.

There are two issues presented for review: (1) whether appellant's incriminating statements to two law enforcement officers were improperly admitted into evidence; and (2) whether reversible error resulted from exclusion of utility bill records.

These are the facts pertinent to this appeal: In May of 1985 two undercover police officers arranged to purchase methamphetamine, commonly called crank, from Tammy Riley. Cynthia Colleen Roth brought the methamphetamine to Riley's house and was introduced as Riley's source's "old lady". Roth was living with appellant and driving his car at the time. The two women were arrested shortly thereafter. Following Roth's arrest, appellant separately contacted a police officer and a federal Drug Enforcement Agency (DEA) officer. He informed them that Roth had acted for him in selling the methamphetamine and offered to give his biggest drug connection in exchange for Roth's release. Appellant was later charged with these offenses based upon his own statements to the law enforcement officers and Tammy Riley's statements indicating she arranged the drug deal with appellant and that Roth, appellant's girlfriend, just delivered the methamphetamine. Roth denied appellant's involvement in the drug transaction.

I.

Police officer Wilkins and federal DEA officer McGivney were permitted to testify concerning their conversations with appellant wherein he informed them Roth was acting as a courier for him and offered his biggest drug connection in exchange for her release. Appellant urges that admission of his statements to the officers amounted to impermissible admission of protected plea negotiations, citing I.C. § 35-35-3-4. Appellant describes the conversations which took place as attempts to negotiate a plea agreement for himself and Roth.

I.C. § 35-35-3-4 provides:

"A plea agreement, or a verbal or written communication concerning the plea agreement, may not be admitted into evidence at the trial of the case, should the plea agreement not culminate in approval by the court."

■ The principle expressed by the statute cited by appellant has been recognized by case law as well. In general, the law in Indiana is that statements made by the defendant as part of plea negotiations are not admissible in the trial of the charge following a plea of not guilty. *Wright v. State* (1977), 266 Ind. 327, 363 N.E.2d 1221. *Hineman v. State* (1973), 155 Ind.App. 292 N.E.2d 618. *Moulder v. State* (1972), 154 Ind.App. 248, 289 N.E.2d 522. However, statements made by a person prior to the existence of any charge against him to a police officer who has no authority to enter into a binding agreement are not part of the plea bargaining process.

■ The plea bargaining process does not start until persons having the authority to make a binding agreement have agreed to negotiate. There must be an agreement, a meeting of the minds, after the leveling of a felony or misdemeanor charge, to enter into plea negotiations. A unilateral offer of evidence to induce a party to negotiate is not protected.

The purpose of I.C. § 35–35–3–4 and the foundation of the case law is not to facilitate the solution of unsolved crimes. It is not a beckoning to the public to come forward and confess. Rather, the purpose is to facilitate final disposition of felony and misdemeanor charges and such charges must exist at the time of the communications for the cloak of the rule to apply. The purpose is to free the process of negotiation from legal consequences.

■ In the case before us, there was no felony or misdemeanor charge lodged against appellant at the time of his statements. Therefore, there was nothing to which to enter a plea of guilty. There was also no meeting of the minds to enter plea negotiations. What occurred was a unilateral decision to volunteer incriminating statements in an attempt to induce plea negotiations between the State of Indiana and appellant's girlfriend, Roth. Consequently, admission of the statements appellant made to the police officer and the DEA officer was not a violation of I.C. § 35–35–3–4 or the case law prohibiting use of statements made during plea negotia-

tions. The conversations here never reached that level.

## II.

■ Appellant called Harold Eaton, a customer service representative for Southern Indiana Gas and Electric Company, as a witness for the defense. Eaton testified that the company computer records are under his supervision and control. He testified that Exhibit No. 3 was a computer print-out of records, kept in the normal and regular course of business, for 1227 E. Louisiana Street, appellant's address in Evansville. He testified that the utility bill due in March, 1985, for service was paid but that none of the bills were paid after that date and that the electricity was turned off for non-payment on June 20, 1985 and the gas turned off for non-payment on August 22, 1985. Appellant then offered Exhibit No. 3 into evidence.

The State objected, arguing that Eaton's testimony was the "best evidence" and that the document was repetitious. The Court sustained the objection, stating "[i]t is uncontroverted". Appellant then made an offer to prove Exhibit No. 3.

Assuming arguendo that the trial court erred in sustaining the objection to admission, appellant's claim of resulting prejudice is insufficiently persuasive. The claim is that his entire theory of defense was destroyed by the error and that he was prevented from establishing the year of the bills which were not paid, the amount of the bills and the amounts of energy used each month. Counsel sought to establish that appellant did not pay his utility bills during a time period in which the State was alleging he was giving away free samples of drugs and had access to over $12,000.00 to purchase them.

Eaton testified from the computer print-out, supplying most if not all of the desired evidence in verbal form. The information contained in the records was readily available to the defense and could have been presented through the questioning of Eaton. The ruling did not restrict the questioning of Eaton, but did restrict the de-

fense to his verbal statements with the documents in hand, and prevented the jury from seeing the papers themselves. While there may be situations in which the persuasiveness of information supplied orally during direct examination by a witness while referring to a paper may be significantly enhanced by introduction of the paper itself, we have no basis upon which to conclude that this is one such situation. Any error in excluding the exhibit did not impinge the opportunity to present the defense.

The convictions are affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.