STATE of Indiana, Plaintiff–Appellant,

v.

Jeffrey WOLFF, Defendant–Appellee.

No. 07A01–8905–CR–159.

Court of Appeals of Indiana,
First District.

Oct. 25, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

David J. Colman, Bloomington, for defendant-appellee.

BAKER, Judge.

### STATEMENT OF THE CASE

Appellant, the State of Indiana (the State), appeals the trial court's decision granting a motion to dismiss a perjury prosecution in favor of the defendant-appellee, Jeffrey Wolff (Wolff).

We reverse.

### STATEMENT OF THE FACTS

On February 8, 1988, Wolff was charged in the Brown Circuit Court with the offenses of driving while suspended,[1] a Class A misdemeanor, and speeding,[2] a Class C infraction. Wolff filed a waiver of attorney and entered a guilty plea to both charges pursuant to a sentencing recommendation prepared with the Brown County Prosecutor's office. Prior to the court's acceptance of the sentencing recommendation, Wolff was placed under oath and questioned by the deputy prosecuting attorney concerning his prior criminal record. Wolff informed the court that he had only two prior convictions for operating while intoxicated, a conviction for public intoxication, and a conviction for disorderly conduct. When asked if he had any other charges which had been disposed of in some manner, Wolff denied the existence of any other charges or convictions. The trial court consequently accepted Wolff's

1. IND.CODE 9–1–4–52.

2. IND.CODE 9–4–1–57(b).

guilty plea and sentenced him according to the terms of the sentence recommendation.

Wolff's guilty plea, however, was subsequently set aside in a post-conviction proceeding. After the guilty plea hearing, the deputy prosecutor discovered that Wolff's criminal record was far more extensive than Wolff had disclosed while under oath. On May 6, 1988, Wolff was charged with perjury,[3] a Class D felony, stemming from his statements concerning his prior criminal history at the guilty plea hearing. In addition, the State sought to have Wolff sentenced as an habitual offender.[4] On October 27, 1988, Wolff filed a motion to dismiss the perjury charge which the trial court granted. The State appeals the trial court's decision pursuant to IND.CODE 35–38–4–2(1).

### ISSUE

Whether the statements made by Wolff under oath at his guilty plea hearing may serve as the basis for a subsequent perjury charge.

### DISCUSSION

■ The State claims that the trial court erred in granting Wolff's motion to dismiss. Specifically, the State argues that the statements made by Wolff under oath at his guilty plea hearing may serve as the basis for a subsequent perjury charge.

■ Wolff correctly notes that as a general rule, evidence relating to a guilty plea or plea negotiation is inadmissible in subsequent proceedings. *See Chase v. State* (1988), Ind., 528 N.E.2d 784; *Cambridge v. State* (1982), Ind., 428 N.E.2d 1252; *Wright v. State* (1977), 266 Ind. 327, 363 N.E.2d 1221; *Crandell v. State* (1986), Ind.App., 490 N.E.2d 377. This general rule serves to further the legitimate public policy interest in promoting plea negotiations. Upon entering into a plea negotiation, a defendant does not know if an agreement will in fact be reached. Furthermore, even if an agreement is reached, the defendant does not know whether a trial court will accept the proposed disposition contained in the agreement. If the State is permitted to use statements made during plea negotiations in a subsequent trial on the charges, the defendant would be exposed to a great peril by entering into such plea negotiations. Consequently, few defendants would enter into the plea negotiation process. Thus, the purpose behind the general rule is to free the plea negotiation process from legal consequences and to facilitate the final disposition of felony and misdemeanor charges existing at the time of plea negotiations. *Chase, supra.*

Indiana's General Assembly has adopted two statutes which prohibit the admission of guilty pleas or statements made during plea negotiations in subsequent proceedings. *See* IND.CODE 35–35–1–4(d), IND. CODE 35–35–3–4. IND.CODE 35–35–1–4(d) provides:

> A plea of guilty, or guilty but mentally ill at the time of the crime, which is not accepted by the court or is withdrawn shall not be admissible as evidence in any criminal, civil, or administrative proceeding.

In construing this statute, this court has held that statements made by a defendant at a guilty plea hearing which established the factual basis for that plea are no more admissible than the fact that the defendant pled guilty. *Tyree v. State* (1988), Ind. App., 518 N.E.2d 814. Thus, a guilty plea or any statements which establish a factual basis for the offenses charged are not admissible in any subsequent proceeding.

Applying the statute to the present case, we note that any evidence of statements made by Wolff during his guilty plea hearing concerning the status of his driver's license or rate of speed would not be admissible in any criminal, civil, or administrative proceeding. However, the State does not seek to use statements concerning the offenses charged. Rather, the State is seeking to use statements unrelated to the charges. IND.CODE 35–35–1–4(d) does not preclude the admission of statements unrelated to the offenses charged. There-

---

**3.** IND.CODE 35–44–2–1(a)(2).

**4.** IND.CODE 35–50–2–8.

fore, the prohibitions set forth in the statute recited above are not applicable to the statements concerning Wolff's prior criminal record.

Although the Indiana courts have not yet specifically addressed the issue before us today, the Supreme Court of Arkansas has held that a rule similar to IND.CODE 35–35–1–4(d) does not apply to perjury proceedings. *See Brown v. State* (1986), 288 Ark. 517, 707 S.W.2d 313. The Arkansas court rejected an argument very similar to that advanced by Wolff in the case before us. In *Brown*, the court stated:

> This provision is intended to protect an accused who has been permitted to withdraw a plea of guilty in accordance with A.R.Cr.P. 25 from having his guilty plea used against him as an admission against interest when he is tried on those same charges. It has no relevance to this case. As appellants tacitly concede, if their proposition were to prevail, there could be no perjury charges dependent on testimony at a guilty plea hearing. That was not the intent of Rule 410.

*Id.* at 521, 707 S.W.2d 313, 315.

We must next examine the admissibility of Wolff's statements under IND.CODE 35–35–3–4. That statute provides:

> A plea agreement, or a verbal or written communication concerning the plea agreement, may not be admitted into evidence at the trial of the case, should the plea agreement not culminate in approval by the court.

Any statement made by the defendant relating to a plea agreement, or the agreement itself, may not be used in a trial on the offenses originally charged. This statute, however, does not prohibit the use of Wolff's sworn statements in a trial on charges other than the original charges. As a result, the statements made by Wolff during his guilty plea hearing are admissible in a subsequent perjury trial.

█ Wolff suggests that if this court is to allow statements made during the plea negotiations to be used in a subsequent

trial for perjury, then it should adopt the standards set out in the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 11(e)(6). Both the Federal Rules of Criminal Procedure and the American Bar Association Standard of Criminal Justice [5] allow the admission of statements made during plea negotiations in a subsequent trial for perjury if certain requirements are met. To allow the admission of statements concerning plea agreements in subsequent perjury trials, the federal rules and ABA standards both require the defendant's statements be made under oath, on the record, and in the presence of counsel. In addition, the federal rules further require that the court inform the defendant that his answers may be used against him in a prosecution for perjury. Fed.R.Crim.P. 11(c)(5).

In *Blackburn v. State* (1986), Ind.App., 495 N.E.2d 806, Judge Young, for the Fourth District, suggested in dicta that the standard set out in the federal rules should be utilized when deciding the admissibility of statements made during plea negotiations. However, for reasons stated hereafter, we decline to adopt the federal rules standard.

It should be noted that both the federal rules and ABA standards are far more restrictive than the statutes adopted by our general assembly in that these guidelines would allow the prosecution of a defendant under certain circumstances even for statements made in connection with the offenses charged originally. This position has not been accepted by our general assembly which, as stated above, seeks to free the plea negotiation process to facilitate the disposition of felony and misdemeanor cases.

However, we must note that when witnesses take oaths, they are put on notice that they are subject to the penalties of perjury if they fail to tell the truth, the whole truth and nothing but the truth. A defendant who pleads guilty need not be further informed of the possible penalties.

---

**5.** American Bar Association Standard for Criminal Justice, Standards Relating to Pleas of Guilty, § 14–2.2.

Once a defendant in a criminal case takes an oath, he is subject to the same penalties for perjury as a witness in any other proceeding. To afford more protection to a defendant in a criminal case than to a witness in any other proceeding as suggested by the Federal Rules of Criminal Procedure, would do nothing to further the policy established by our general assembly and would distract from the integrity of the judicial process.

Further, we note that both the federal rules and the ABA standards require that a defendant's statement be made in the presence of an attorney before the statement may be used against the defendant in a subsequent perjury prosecution. Again we fail to perceive why a sworn defendant in a criminal case should be permitted to lie without penalty merely because he does not have an attorney present at the time of the perjurious statements. The presence of an attorney is not required to prosecute other witnesses in any other proceedings and there is no reason to distract further from the integrity of the judicial process to require the presence of counsel under the circumstances as in the case before us. When a witness breaches his or her oath at a guilty plea hearing, that witness should face the same penalties as a witness who commits perjury in any other type of proceeding excepting those for which immunity has been afforded by our general assem-

bly to further the plea negotiation process. In this respect, we also refuse to adopt the ABA standard as suggested.[6]

 In order to utilize a defendant's statements made during a change of plea hearing or sentencing hearing in a subsequent perjury prosecution, the State must demonstrate that the defendant's statements were: (1) unrelated to the offenses previously charged, (2) made under oath, and (3) on the record. Here, Wolff was placed under oath at his guilty plea hearing and the entire proceeding was on the record. As discussed previously, Wolff's statements were unrelated to the offense charged. Thus, if Wolff made misrepresentations as to his prior criminal record, the State should be permitted to proceed with the prosecution of the perjury charge.

Accordingly, the judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings.

RATLIFF, C.J., and GARRARD, P.J., concur.

---

6. Moreover, we note that even if we were to adopt the ABA standard, the result in this case would be the same. The ABA standard requires that the statements be made under oath, on the record, and in the presence of counsel. As stated previously, Wolff's statements were made under oath and on the record. Furthermore, Wolff voluntarily waived his right to counsel and thus waived the presence of counsel as required by the ABA standard. Accordingly, even under the ABA standard. Wolff's statements would serve as the basis for a subsequent perjury charge.