Dennis **BORDERS**, Appellant–
Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 79A02–0603–CR–180.

Court of Appeals of Indiana.

Sept. 29, 2006.

Transfer Denied Dec. 7, 2006.

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Dennis B. Borders appeals the sentence he agreed to receive in exchange for his

pleas of guilty to four out of eleven counts pending against him. He argues the trial court erred when it sentenced him to consecutive habitual offender enhancements. Although this would otherwise be error, Borders received a significant benefit from his plea agreement, and we must accordingly affirm his sentence.

## FACTS AND PROCEDURAL HISTORY

Borders was charged with Count I, possession of marijuana, a Class A misdemeanor;[1] Count II, possession of marijuana while having a prior conviction, a Class D felony;[2] Count III, reckless possession of paraphernalia, a Class A misdemeanor;[3] Count IV, possession of paraphernalia while having a prior conviction for possession of paraphernalia, a Class D felony;[4] Count V, maintaining a common nuisance, a Class D felony;[5] Count VI, operating a motor vehicle while never receiving a license, a Class C misdemeanor;[6] Count VII, operating a motor vehicle while suspended, a Class A infraction;[7] Count VIII, habitual substance offender enhancement based on Counts I, II and V;[8] Count IX, habitual substance offender enhancement based on Counts II, IV and V;[9] Count X, conspiracy to deal marijuana, a Class C felony;[10] and Count XI, an habitual substance offender enhancement based on Counts I and II.[11]

On July 20, 2004, Borders pled guilty to Count II, possession of marijuana with a prior conviction, a Class D felony; Count VIII, being an habitual substance offender; Count X, conspiracy to deal marijuana, a Class C felony; and Count XI, being an habitual substance offender. Borders agreed to a 20-year sentence with 10 years executed and 10 years suspended, and the trial court sentenced him accordingly.

## DISCUSSION AND DECISION

Borders argues, pursuant to *Ingram v. State*, 761 N.E.2d 883, 884–85 (Ind.Ct.App. 2002), the trial court erred in ordering the habitual substance offender enhancements to run consecutively.[12] There we noted: "In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none." *Id.*, (quoting *Starks v. State*, 523 N.E.2d 735, 737 (Ind.1988)).

This case is controlled, however, by *Stites v. State*, 829 N.E.2d 527 (Ind.2005), and *Lee v. State*, 816 N.E.2d 35 (Ind.2005). In those decisions our Indiana Supreme Court held "[a] defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then

---

1. Ind.Code § 35–48–4–11.

2. Ind.Code § 35–48–4–11.

3. Ind.Code § 35–48–4–8.3.

4. Ind.Code § 35–48–4–8.3.

5. Ind.Code § 35–48–4–13.

6. Ind.Code § 9–24–18–1.

7. Ind.Code § 9–24–19–1. The State does not explain how Borders could have been convicted of both operating while never receiving a license and operating with a license that had been suspended.

8. Ind.Code § 35–50–2–10.

9. Ind.Code § 35–40–2–8.

10. Ind.Code §§ 35–48–4–10 and 35–41–5–2.

11. Ind.Code § 35–50–2–10.

12. The sentencing court stated it was sentencing Borders to three years on Count II, enhanced by five years for the habitual substance offender charge, and eight years on Count X, enhanced by four years for the habitual substance offender charge, all to be served consecutively for a total of twenty years. (Appellant's App. at 63–64.)

later complain that it was an illegal sentence." *Lee*, 816 N.E.2d at 40 (quoting *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987)); *and see Stites*, 829 N.E.2d at 529.

> [D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category.

*Lee*, 816 N.E.2d at 40 (quoting *Davis v. State*, 771 N.E.2d 647, 649 n. 4 (Ind.2002))

In exchange for Borders' pleas of guilty to Counts II, VIII, X and XI, the State dismissed three misdemeanor counts, two felonies, an infraction, and an habitual substance offender enhancement. Borders will not be heard to protest that he did not benefit from his plea agreement, even if his sentence was one the trial court could not have otherwise imposed.

Affirmed.

RILEY, J., and BAILEY, J., concur.