2010 Ark. App. 323

**Steve Brian STEWART, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–29.**

Court of Appeals of Arkansas.

April 14, 2010.

Gene E. McKissic, Sr., McKissic & Associates, PLLC, Pine Bluff, AR, for appellant.

Dustin McDaniel, Attorney General, Valerie Glover Fortner, Assistant Attorney General, Little Rock, AR, for appellee.

COURTNEY HUDSON HENRY, Judge.

A jury in Ashley County found appellant Steve Brian Stewart guilty of three counts of perjury, for which he received cumulative sentences totaling twenty years in prison. For reversal, appellant argues that the trial court erred (1) by admitting into evidence the transcript of the hearing at which he entered a guilty plea in federal court; (2) by denying his motion for a directed verdict; and (3) by denying his motion to enforce a plea agreement. This case returns to us after rebriefing to cure deficiencies in the abstract and addendum. *Stewart v. State*, 2010 Ark. App. 67, 2010 WL 180934. We now affirm.

The record reflects that appellant and members of his family, including his mother, his sister Shelley, and a child D.M., left New Orleans, Louisiana, in August 2005 because of Hurricane Katrina, and they relocated in Hamburg, Arkansas. On November 9, 2005, the prosecuting attorney in Ashley County charged appellant with thirteen counts of rape for having sexual intercourse with D.M., who was under the age of fourteen, and with one count of kidnapping the child. The events alleged in the information occurred between September 9 and October 30 in 2005. Appellant stood trial on those charges in June 2006, and he elected to testify in his defense. Appellant testified that he never had sexual intercourse with D.M.; that he did not take the child from Arkansas to Mississippi; that the child went missing on her own from Hamburg; and that he did not know the child's whereabouts while she was missing. More specifically, appellant testified that he left D.M. with his mother on October 24, 2005, while he met a prostitute in Greenville, Mississippi. He said that he learned that the child was missing when he returned to Hamburg and that he thought that she had run away. Appellant testified that he drove to New Orleans to retrieve his family's belongings and that D.M. appeared at his mother's home there on October 27, 2005. He said that, despite knowing that there was an Amber Alert issued for D.M. and that he was suspected of sexually abusing her, he deposited the child with his sister, Angela, who had remained in New Orleans. Appellant maintained that he did not ask D.M. how she arrived in New Orleans and that he did not learn that she had been returned to Arkansas until October 31, 2005. The jury could not reach a verdict on the charges, and the trial court declared a mistrial.

On May 3, 2006, the United States Attorney for the Western District of Arkansas charged appellant with transporting a

minor, D.M., across state lines for the purpose of engaging in sexual intercourse.[1] On February 5, 2007, appellant appeared before the federal court and pled guilty to the charge as part of a negotiated plea between appellant, the federal government, and the Ashley County prosecutor. As an offer of proof, the Assistant United States Attorney, Kyra Jenner, recited the following predicate facts. Appellant's sister, Shelley, had custody of twelve-year-old D.M. in Hamburg, and on October 24, 2005, appellant secreted the child to a motel in Greenville, Mississippi. Appellant left the child there and returned to Hamburg to create the impression that he and the child were not traveling together. From there, appellant transported D.M. to Poplarville, Mississippi, where he exchanged vehicles, and then he took her to New Orleans. Appellant and D.M. stayed with appellant's sister, Angela, who operated an escort service. While in New Orleans, appellant engaged in sexual intercourse with D.M. Under oath, appellant stated that the government's proof was "accurate and true." The federal court accepted appellant's plea, and in May 2005, the court sentenced appellant to a five-year term of imprisonment. In accordance with the plea agreement, the prosecuting attorney in Ashley County subsequently nolle prossed the rape and kidnapping charges that remained pending following the mistrial.

On June 1, 2007, the Ashley County prosecutor charged appellant with three counts of perjury, alleging that appellant knowingly made false material statements in his testimony at the jury trial held on June 2, 2006. Prior to trial, appellant moved to enforce the plea agreement negotiated in the federal proceeding. In this motion, appellant asserted that, in exchange for his guilty plea in federal court, the prosecuting attorney in Ashley County had agreed not only to nolle pros the pending rape and kidnapping charges, but also not to pursue any further charges against the appellant. Thus, appellant sought dismissal of the perjury charges based on his understanding of the plea agreement. In addition, appellant moved in limine to prohibit the prosecution from introducing into evidence the transcript of the plea hearing in federal court. The trial court denied both motions after a pretrial hearing.

At trial, the State introduced into evidence the information containing the rape and kidnapping charges lodged in Ashley County, the mistrial order, and the order of nolle pros. The State also introduced the transcript of the federal plea hearing and a transcript of appellant's testimony at the jury trial held on June 2, 2006. For the defense, Robert Depper, appellant's former attorney, testified that appellant faced fourteen life sentences in state court on the rape and kidnapping charges and that the range of punishment for the federal offense was from five to thirty years in prison. Depper said that it was not unusual for a defendant to plead guilty in federal court to avoid harsher penalties in state court. In his testimony, appellant maintained that he testified truthfully at his previous jury trial and that he accepted his attorney's recommendation to plead guilty to the federal charge. He said that he did not object to the offer of proof at the plea hearing so as to honor the plea agreement. The jury found appellant guilty on all three counts of perjury and fixed sentences of ten years on each count. The trial court ordered two of the ten-year sentences to be served consecutively and also directed that appellant serve his com-

---

1. This is a violation of 18 U.S.C. § 2423(a), which is known as the "Mann Act."

bined twenty-year sentence consecutively to the federal term of imprisonment. This appeal follows the trial court's judgment and commitment order memorializing the perjury convictions and sentences.

■ As his second point on appeal, appellant argues that the trial court erred by denying his motion for a directed verdict. A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Elliott v. State,* 2010 Ark. App. 185, 2010 WL 653841. We address this issue first, as an appellant's right to be free from double jeopardy requires a review of the sufficiency of the evidence prior to a review of any asserted trial errors. *Williams v. State,* 363 Ark. 395, 214 S.W.3d 829 (2005). A person commits the offense of perjury if, in any official proceeding, he or she makes a false material statement, knowing it to be false, under an oath required or authorized by law. Ark.Code Ann. § 5–53–102(a) (Repl.2005). Arkansas Code Annotated section 5–53–106(b) (Repl.2005) provides that proof that the accused gave inconsistent statements is of itself evidence that one of the statements is false and that it is not necessary to sustain a conviction to establish which statement is false. The purpose of this statute is to relieve the state of the necessity of proving which statement is false, because obviously both cannot be true. *Brown v. State,* 288 Ark. 517, 707 S.W.2d 313 (1986).

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Diggs v. State,* 93 Ark.App. 332, 219 S.W.3d 654 (2005). Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Martin v. State,* 354 Ark. 289, 119 S.W.3d 504 (2003). When reviewing a challenge to the sufficiency of the evi-

dence, we consider all the evidence, including that which may have been inadmissible, in the light most favorable to the State. *Fondren v. State,* 364 Ark. 498, 221 S.W.3d 333 (2006).

■ Appellant's argument on appeal is that the information alleged that his testimony at the jury trial was false but that the State failed to produce any evidence proving the falsity of his testimony. Appellant asserts that he was not charged with perjury by making inconsistent statements and that, therefore, it was necessary for the State to prove that his trial testimony was not true. We find no merit in this argument.

■ As recognized above, a person commits the offense of perjury by knowingly making a false material statement under oath in an official proceeding. Ark.Code Ann. § 5–53–102(a). In terms of proof, the State is under no obligation to prove which statement is false in circumstances where the accused has made inconsistent statements. Ark.Code Ann. § 5–53–106(b). Under Arkansas law, an information need only allege that the defendant committed a named offense, and it is not necessary to include a statement of the act or acts constituting the offense, unless the offense cannot be charged without it. *Barnes v. State,* 94 Ark.App. 321, 230 S.W.3d 311 (2006). Thus, the State was not required to allege in the information that appellant committed perjury by making inconsistent statements in order to rely on that proof at trial. Although the State alleged in the information that appellant gave false testimony at the jury trial, we regard this additional language in the information as being in the nature of explanatory text that was superfluous and did not make it fatally defective such as to warrant reversal. *Id. See also Richard v. State,* 286 Ark. 410, 691 S.W.2d 872 (1985); *Ridgeway v. State,* 251 Ark. 157, 472

S.W.2d 108 (1971). The record reflects that appellant was aware that the perjury charges were based on the inconsistent statements. We also observe that the jury was not instructed to find that appellant committed perjury on any particular date. The State introduced into evidence the transcript of the plea hearing in federal court, where appellant attested to the truth and accuracy of the government's offer of proof that was diametrically opposite of appellant's testimony at the trial. Given the contradictions between the trial testimony and the facts adduced at the plea hearing, the jury could reasonably infer that appellant knowingly gave false material testimony under oath in an official proceeding. Substantial evidence supports the jury's verdict, and we affirm.

■ Returning to appellant's first point, he contends that the trial court erred by admitting into evidence the transcript of the plea hearing in federal court. Appellant argues that the transcript was inadmissible under Rule 25.4(b) of the Arkansas Rules of Criminal Procedure and Rule 410 of the Arkansas Rules of Evidence. Rule 25.4(b) provides:

> Irrespective of whether a plea of guilty or nolo contendere is the result of a plea agreement, if it is not accepted or is withdrawn, or results in a judgment which is reversed or held invalid on direct or collateral review, neither the plea nor any judgment resulting therefrom, nor any statement by the defendant in connection with the making or acceptance of the plea or as a basis for sentence or other disposition thereon, is admissible in evidence against the defendant in any criminal, civil, or administrative proceeding.

Rule 410 contains a similar prohibition:

> Evidence of a plea of nolo contendere, whether or not later withdrawn, and of a plea, later withdrawn, of guilty or admission to the charge, or of an offer to plead to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea offer.

We review evidentiary rulings under an abuse-of-discretion standard, and we will not disturb those rulings on appeal unless there has been a manifest abuse of discretion. *Allen v. State*, 374 Ark. 309, 287 S.W.3d 579 (2008).

■ Rules 25.4(b) and 410 apply only when a guilty plea has been withdrawn or set aside, which is not the case here. Moreover, the supreme court has held that these rules are not intended to bar perjury charges. *Brown v. State*, 288 Ark. 517, 707 S.W.2d 313 (1986). Rather, their purpose is to prohibit the use of a withdrawn plea from being used against a defendant as an admission against interest when he is tried on those same charges. *Id. See also Owens v. State*, 325 Ark. 110, 926 S.W.2d 650 (1996). Accordingly, the rules have no application in this case, and the trial court did not abuse its discretion by admitting the transcript into evidence.

■ As his third and final point on appeal, appellant argues that the trial court erred by not enforcing the plea agreement to require the dismissal of the perjury charges. Appellant contends that the State agreed to pursue no further charges against him upon his guilty plea in federal court. Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo. *Green v. State*, 2009 Ark. 113, 313 S.W.3d 521. We apply general contract principles in interpreting plea agreements. *Id.* When a dispute arises over the meaning of a plea agreement, this court will discern the in-

tent of the parties as expressed in the plain language of the agreement viewed as a whole. *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002). We review the trial court's findings of fact for clear error, giving due weight to inferences drawn by the circuit court and reverse only if the ruling is clearly erroneous or against the preponderance of the evidence. *State v. Johnson*, 2010 Ark. 77, 360 S.W.3d 104.

At the pretrial hearing, Zack Vaughn, the deputy prosecutor in Ashley County who handled the rape and kidnapping case, testified that he negotiated the plea agreement with Jenner and that the prosecution agreed to dismiss the rape and kidnapping charges if appellant pled guilty to the federal indictment. He said that Jenner inquired about the possibility of other charges being filed and that he advised her that he was only authorized by the prosecuting attorney to nolle pros the rape and kidnapping charges. Vaughn said that he made no representations to anyone that perjury charges would not be pursued and that any decision to file perjury charges depended on the factual basis for the federal charge elicited at the plea hearing. Correspondence introduced into evidence states that the prosecution agreed to dismiss all "pending" state charges upon appellant's plea of guilty in federal court.

Thomas Deen, the prosecuting attorney in Ashley County, testified that Vaughn informed him that Jenner had asked during plea negotiations whether the State anticipated filing additional charges and that he advised Vaughn to commit only to the dismissal of the existing charges. He said that under no circumstances was he willing to forgo filing perjury charges if the facts that came out at the plea hearing were inconsistent with appellant's testimony at the jury trial.

Jenner testified that Vaughn authorized her to communicate to Depper that the State would dismiss the pending charges if appellant pled guilty to the federal charge. She said that Vaughn made no representation nor granted her the authority regarding future charges and that she did not make a commitment to Depper regarding future charges. She stated that she "was not thinking that perjury charges would be filed" and did not recall either Vaughn or appellant's attorney raising the issue of perjury before the plea was entered.

Depper testified that he verified with Vaughn that the state charges would be dismissed. He said that Vaughn stated that "we would pursue him [appellant] no further." Depper testified that Jenner also told him that the State would not pursue further charges against appellant. He said that his understanding was that, if appellant pled guilty, then no additional charges would be pursued. Depper acknowledged that his understanding about future charges was not contained in any of the correspondence concerning the plea agreement.

The trial court ruled that the plea agreement pertained only to the pending rape and kidnapping charges and that the agreement did not include a prohibition against the filing of future charges. The court found that the State complied with the agreement in full by nolle prossing those pending charges. The trial court's decision was based on its determination of the credibility of the witnesses. In deference to that determination, we cannot say that the trial court's decision is clearly erroneous.

Affirmed.

HART and ROBBINS, JJ., agree.