SLIP OPINION

Cite as 2014 Ark. App. 471

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–14–230

| | | |
|---|---|---|
| KAYLA DESHAZIER | | **Opinion Delivered** September 17, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–2011-327-1] |
| STATE OF ARKANSAS | | HONORABLE BERLIN C. JONES, |
| | APPELLEE | JUDGE |
| | | AFFIRMED; MOTION GRANTED; REMANDED FOR CORRECTION OF SENTENCING ORDER |

## RITA W. GRUBER, Judge

The Circuit Court of Jefferson County revoked Kayla DeShazier's probation for possession of a controlled substance and possession of drug paraphernalia. The sentencing order of November 18, 2013, reflects that Deshazier was sentenced to a total of thirty-six months' imprisonment in the Arkansas Department of Correction for the two felonies. As is allowed by Rule 4-3 of the Rules of the Arkansas Supreme Court and Court of Appeals, her counsel has filed a no-merit brief and a motion to withdraw on the ground that an appeal in this matter would be wholly without merit.[1] DeShazier was notified of her right to file pro

---

[1]Although counsel incorrectly cites Rule 4–3(j) in his brief, he correctly cites Rule 4–3(k) in his motion. *See Jefferson v. State*, 2013 Ark. App. 325 (noting that 4–3(k)(1) (2012) governs the filing of no-merit appeals while 4–3(j) governs preparation of briefs for indigent appellants).

SLIP OPINION

se points for reversal but has not done so.

Counsel fairly discusses the sole ruling adverse to DeShazier—the circuit court's finding by a preponderance of the evidence that she violated conditions of her probation by continuing to use marijuana during the course of her probation. At the close of all the evidence, the court rejected her argument that she was making progress in fighting her addiction, her argument that nothing would be gained by a prison sentence, and her request for more time. From our review of the record and the brief presented to us, we find substantial compliance with Rule 4-3(k)(1), and we hold that there is no merit to this appeal. Counsel's motion to withdraw is granted and the convictions are affirmed.

We must, however, remand to the circuit court because of a discrepancy within the sentencing order of November 18, 2013, which revoked DeShazier's probation. The underlying sentencing order of September 26, 2013, reflects that she received forty-eight months' probation on each of the two felonies—one count of possession of a controlled substance and one count of possession of drug paraphernalia—and that a second count of possession of a controlled substance was nolle prossed. The November 18, 2013 sentencing order accurately reflects her revocation on one count of possession of a controlled substance and one count of possession of drug paraphernalia, with concurrent sentences of thirty-six months' imprisonment, but it inexplicably reflects a sentence of thirty-six months' imprisonment on the count that was nolle prossed. We therefore remand to the circuit court for clarification and correction of the November 2013 sentencing order.

Affirmed; motion granted; remanded for correction of sentencing order.

WHITEAKER and VAUGHT, JJ., agree.

*David W. Brophey*, for appellant.

No response.