
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–211

| | |
|---|---|
| J'DONTA DELMARCO BRITT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered SEPTEMBER 9, 2015<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2013-1212-1]<br><br>HONORABLE WILLIAM A. STOREY, JUDGE<br><br>AFFIRMED; MOTION GRANTED; REMANDED FOR CORRECTION OF SENTENCING ORDER |

## DAVID M. GLOVER, Judge

J'Donta Britt was convicted by a Washington County jury of being an accomplice to aggravated robbery, for which he received a thirty-year sentence in the Arkansas Department of Correction, and fleeing, for which he was sentenced to thirty days[1] in the county jail and fined $500, with the sentences to be served concurrently. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Britt's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Britt made by the trial court on all objections, motions, and requests made by either party,

---

[1] The sentencing order erroneously indicates that Britt was sentenced to thirty months on the fleeing conviction when in fact he was sentenced to thirty days.

with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Britt with a copy of his counsel's brief and notified him of his right to file pro se points; Britt did not file any points.

The evidence revealed that on June 18, 2013, Britt and two other individuals approached the victim of the aggravated robbery, Jose Alvarez, at the Brookhaven apartment complex in Springdale, Arkansas, and beat and kicked Alvarez to the point of unconsciousness. Dr. John Johnson, the physician who treated Alvarez when he arrived at the emergency room of Northwest Medical Center in Springdale, testified that Alvarez had a subdural hematoma, which caused part of his brain to be deprived of oxygen; multiple skull and facial fractures; rare bilateral first-rib fractures; and his sinuses were full of blood and draining down his throat. Dr. Johnson did not expect Alvarez to live. Alvarez was transported to Springfield, Missouri, via helicopter due to his neurological needs. Dr. Johnson testified that Alvarez left Springdale in a medically induced coma, on a ventilator, and fully paralyzing; he was surprised to learn that Alvarez survived his injuries.

Paul Simpson, a social worker at the Springfield hospital, testified that Alvarez underwent brain surgery to alleviate the pressure on his brain, was dependent on a ventilator for six weeks, and left the hospital thirteen months after he was admitted, confined to a wheelchair with limited movement and little control of his right side. He testified that Alvarez was unable to remember the last ten years of his life—including living in Arkansas or his girlfriend with whom he lived in Arkansas—and that Alvarez would need twenty-four-hour care for the rest of his life.

Rick Frisby, a detective who investigated the incident, testified he visited Alvarez six or seven months after the assault, and that Alvarez believed he was in Mexico and had been injured by a horse. Frisby testified Alvarez was gaunt, confined to a wheelchair, and unable to walk; when he shook Alvarez's hand, Alvarez had to open his fingers one by one and use his left hand to pick up his right hand and extend it to Frisby.

At the close of the State's case, Britt's counsel moved for directed verdict on both counts. As to aggravated robbery, Britt's counsel argued that the injury did not rise to the level required by the statute. As to the fleeing offense, Britt's counsel argued that Britt did not know that the police were after him until they confronted him at the apartment complex, and he then complied. Both motions were denied by the trial court. The defense rested without calling any witnesses. The jury then convicted Britt of both offenses.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, or evidence that is of sufficient certainty to compel a conclusion one way or the other and pass beyond mere speculation and conjecture. *Stewart v. State*, 2010 Ark. App 323, 374 S.W.3d 811. When reviewing a challenge to the sufficiency of the evidence, all of the evidence, including that which may have been inadmissible, is considered in the light most favorable to the State. *Id.*

Arkansas Code Annotated section 5-12-103(a)(3) (Repl. 2013) provides that a person commits aggravated robbery if he commits robbery[2] as defined in § 5-12-102, and inflicts or

---

[2]Arkansas Code Annotated section 5-12-102(a) (Repl. 2013) provides, "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the

attempts to inflict death or serious physical injury upon another person. Arkansas Code Annotated section 5-1-102(21) (Repl. 2013) defines "serious physical injury" as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." In his directed-verdict motion, Britt's counsel argued that Alvarez's injuries did not rise to the level of "serious physical injury." We disagree. The State did indeed present evidence that Alvarez suffered serious physical injury when he was attacked. As a result of the attack, Alvarez had little control over his right side, suffered partial memory loss, was confined to a wheelchair, and will require constant care for the rest of his life. The trial court did not err in denying Britt's motion for a directed verdict with regard to the aggravated-robbery offense.

Likewise, the trial court did not err in refusing to direct a verdict in Britt's favor on the offense of fleeing. Arkansas Code Annotated section 5-54-125(a) (Supp. 2013) provides, "If a person knows that his or her immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance." The State entered into evidence Britt's statement to Detective Frisby. In it, Britt stated that after they robbed Alvarez, he took Alvarez's backpack to the car, and when the police pulled up, he ran. Officer Chad Niccum

---

person employs or threatens to immediately employ physical force upon another person." In his motion for directed verdict, Britt made no argument that he had not committed a robbery, only that Alvarez had not suffered the requisite injury to constitute aggravated robbery.

of the Springdale Police Department, who responded to a 911 call regarding the incident, testified that he found Britt and another man sitting below a culvert in a drainage area at the apartment complex. Officer Niccum stated that Britt did not comply with his commands, Britt continued to walk toward him, and then Britt began to circle him. Britt got down on the ground only when Officer Niccum threatened to taser him if he did not do so. We find no error in the denial of Britt's motion for directed verdict with regard to the fleeing charge.

The only other ruling adverse to Britt during the trial was when the State was introducing items found in Alvarez's car, specifically a headlamp. When Britt's counsel objected on the basis of relevance, the State countered that because Alvarez was not testifying at trial, they were attempting to personalize him by showing a few of his personal items. The trial court overruled the objection, stating that it believed the item was relevant.

We find no reversible error in this ruling. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. of Evid. 401. Circuit courts have wide discretion with regard to evidentiary determinations, and such determinations will not be reversed absent an abuse of that discretion. *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003). Even if an abuse of discretion is shown, in order to mandate reversal, there must also be a showing that the appellant suffered prejudice as a result of the evidentiary determination. Here, the evidence was relevant to help explain who the victim was, as Alvarez did not testify at trial. Furthermore, Britt cannot show how he was prejudiced by the admission of the headlamp

5

SLIP OPINION

into evidence.

From our review of the record and the brief presented to this court, Britt's counsel has complied with the requirements of Rule 4–3(k) of the Rules of the Arkansas Supreme Court and the Court of Appeals. Counsel's motion to be relieved is granted and Britt's convictions are affirmed.

As noted earlier, the sentencing order indicates that Britt was sentenced to thirty months' incarceration on the fleeing conviction when in reality he was sentenced to thirty days. We therefore remand to the circuit court for correction of the sentencing order. *See DeShazier v. State*, 2014 Ark. App. 471.

Affirmed; motion granted; remanded for correction of sentencing order.

HARRISON and KINARD, JJ., agree.

*Tim Buckley*, for appellant.

No response.