

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–955

|  |  |
|---|---|
| JIMMY MACK SHORT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** June 22, 2016<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2013-1070]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF THE CONDITIONS OF SIS |

## BRANDON J. HARRISON, Judge

The Crittenden County Circuit Court revoked Short's probation and sentenced him to three years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Short's attorney has filed a no-merit brief, along with a motion to withdraw, asserting that there is no issue of arguable merit for an appeal. Short was notified of his right to file pro se points for reversal via certified mail, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

In January 2014, Short pled guilty to a violation of the Arkansas Sex Offender Registration Act and was placed on five years' probation. In February 2015, the State petitioned to revoke Short's probation, alleging the following violations: (1) failure to pay

fines, costs, and fees as directed; (2) failure to report to probation as directed; (3) failure to pay probation fees; (4) failure to notify the sheriff and probation of his current address and employment; (5) violation of the Arkansas Sex Offender Registration Act.

At the revocation hearing held in August 2015, Sergeant Stacy Allen, a criminal investigator for the West Memphis Police Department, testified that he was responsible for overseeing the sex-offender registry. Allen explained that Short was required to check in every six months, he had checked in on 30 May 2014, and he was expected to next check in on 30 November 2014. On 2 September 2014, Short reported that he was moving to a different street address in West Memphis. Allen testified that there was no further contact from Short after September 2. Based on Short's not reporting, Allen issued a warrant for Short's arrest. In February 2015, Allen received information that Short was living in Millington, Tennessee. Allen faxed the Millington Police Department a copy of the warrant, and Short was arrested.

Officer Chancey Rainey, Short's probation officer, testified that Short had been reporting and was on an every-three-month reporting schedule, but that after reporting on 3 September 2014, he failed to report on his next scheduled date of 4 November 2014. After some investigating, Rainey discovered that Short was living in Millington, Tennessee, so Rainey contacted Allen and gave him Short's address. Rainey also testified that Short owed $70 in probation fees. Amy Peyton, an employee of the Crittenden County Sheriff's Department, testified that Short was ordered to pay $1520 in fines and costs in January 2014, that he paid a total of $60 in 2014 and $250 in 2015, and that he owed a balance of $1390.

At the close of the State's case, defense counsel moved to dismiss the allegation of failure to notify the sheriff of his current address and employment. The court granted the motion with respect to the sheriff's office.

Short testified and agreed that he had pled guilty to a violation of the registration act in January 2014 and was sentenced to five years' probation. He explained that he had been disabled since 2010 and had relied on oxygen assistance since 2011. He testified that he was unable to work and that his income was $700 a month in government assistance. He acknowledged that he had no excuse, other than a lack of transportation, for not reporting as required in November 2014. He also acknowledged his obligation to pay $50 per month toward his fines and costs and stated that if given one more chance, he would "up these fines to $100 a month" and "do the right thing." The defense rested and did not renew or make additional motions for dismissal. The defense also failed to renew or make additional motions for dismissal after the State's rebuttal evidence.

The circuit court found that Short had violated his probation by failing to "be of good behavior" and not violate any state, federal, or municipal law; failing to report to probation; violating the registration act by failing to report; and failing to promptly notify his probation officer of any change of address. The court exempted Short from any further payment obligations due to his disability. The court imposed a sentence of three years' imprisonment followed by three years' suspended imposition of sentence (SIS). The

court entered a written order on August 19, and Short has timely appealed from that order.[1]

On appeal from a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. *Jones v. State*, 2013 Ark. App. 466. In order to revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id.* Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Joiner v. State*, 2012 Ark. App. 380. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004).

Short's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*.

In this case, counsel explains that Short made a motion for dismissal at the close of the State's case but did not renew the motion at the close of all the evidence. Thus,

---

[1] The conditions of Short's SIS, also entered on August 19, indicate that Short entered a negotiated plea of guilty. This is clearly an error because Short was found guilty of violating his probation by the circuit court.

counsel states, any argument challenging the sufficiency of the evidence is not preserved. Counsel then goes on to discuss the grounds for revocation and explains why each one does not present a meritorious basis for appeal. Counsel first discusses the failure to report to probation as directed and failing to notify probation of his current address and employment. Counsel asserts that both the probation officer's testimony and Short's own testimony support revocation on this basis. Next, counsel discusses the failure to report pursuant to the registration act and argues that Short admitted to the violation in his testimony. Thus, counsel argues, neither ground provides a meritorious basis for an appeal.[2]

We disagree that any argument challenging the sufficiency of the evidence is not preserved. In *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001), our supreme court made clear that Ark. R. Crim. P. 33.1 and the requirements thereof, pertaining to motions for dismissal and directed verdicts, do not apply to revocation hearings. We do, however, agree that this case presents no meritorious ground for reversal. Short admitted not reporting to probation and not reporting as required pursuant to the registration act, and he gave no reasonable excuse for noncompliance.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the trial court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*,

---

[2] The circuit court also found that Short violated his probation by failing to "be of good behavior" and not violate any state, federal, or municipal law, and while counsel does not specifically discuss this ground, the basis for the court making this finding was Short's failure to report pursuant to the registration act, which is adequately addressed by counsel. So we see no need for a rebriefing in this instance.

2013 Ark. App. 323. In this case, we find compliance with Rule 4–3(k)(1) and *Anders* and hold that there is no merit to this appeal.

As noted earlier, the conditions of Short's SIS indicate that he entered a negotiated plea of guilty when he was in fact found guilty of violating his probation by the circuit court. We therefore remand to the circuit court for correction of the conditions of Short's SIS. *See Britt v. State*, 2015 Ark. App. 456, 468 S.W.3d 285.

Affirmed; motion to withdraw granted; remanded for correction of the conditions of SIS.

GLOVER and VAUGHT, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

No response.